UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTONINO VINCENT CARACCI III | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2544 |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY | * | SECTION "P" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Antonino Vincent Caracci III's Motion to Compel Responses to Discovery and Corporate Deposition and to Deem Requests for Admission as Admitted.  ECF No. 14.  Defendant Westchester Surplus Lines Insurance Company timely filed an Opposition Memorandum.  ECF No. 15.  Plaintiff timely filed a Reply Memorandum.  ECF No. 20.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel and to Deem Requests Admitted is DENIED for the reasons stated herein.

## I.    BACKGROUND

Plaintiff Antonino Vincent Caracci III filed suit against Defendant Westchester Surplus Lines Insurance Company to recover contractual and extra-contractual damages sustained during Hurricane Ida.  ECF No. 1-1.  After the parties were unable to resolve the matter through the Court's Hurricane Ida CMO SSP, the case was returned to the docket.  ECF No. 11.  On March 25, 2024, the Court entered a Scheduling Order setting a trial date on March 10, 2025, with a November 27, 2024 discovery deadline.  ECF No. 13 at 2-3.

On April 5, 2024, Plaintiff filed this motion seeking to compel discovery responses, a corporate deposition and to have requests deemed admitted.  ECF No. 14.  Plaintiff states that, on

1

February 14, 2024, it issued Interrogatories and Requests for Production, delivered a draft Rule 30(b)(6) notice of deposition, and requested available dates for deposition.  ECF No. 14-1 at 1-2. When response were not delivered, the parties held a Rule 37 conference on March 21, 2023, during which defense counsel agreed to provide responses and available dates.  *Id*. at 2.  When no responses or available dates were provided, Plaintiff filed this motion.

In Opposition, Defendant argues that it has now delivered full and complete responses to the Requests for Admission, and therefore the motion as to those should be denied.  ECF No. 15 at 1.  Defendant explains that the interrogatory response was delayed as a result of technical difficulties incident to a computer system change implemented at his firm, not any intentional or willful refusal to provide same.  *Id*. at 1-2.  Defendant also asserts that he has requested that his client identify the appropriate corporate representative and provide available dates.  Id. at 2.

In Reply, Plaintiff argues that Defendant's discovery responses, delivered on the date its Opposition was due, are insufficient.  ECF No. 20 at 1-2.  He argues the Responses to the Requests for Admission were a month late, Defendant has not even attempted to explain his delinquency or establish good cause to allow withdrawal of the admissions, and it ignores the fact that, once a party has failed to respond timely, a matter deemed admitted may only be withdrawn by motion of the party making the admission.  *Id*. at 2.  In its interrogatory response, Defendant explains its counsel's technical difficulty but provides no date by which a substantive response will be delivered.  *Id*. at 3.  Likewise, Defendant has still not provided available deposition dates.

## II.   <u>APPLICABLE LAW</u>

### A.  <u>Service of Discovery Requests</u>

Rule 5(b)(2) of the Federal Rules of Civil Procedure explains how service is made:

(2) Service in General. A paper is served under this rule by:
    (A) handing it to the person;

(B) leaving it:

. . .

(C) mailing it to the person's last known address—in which event service is complete upon mailing;

(D) leaving it with the court clerk if the person has no known address;

(E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or

(F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

## B. **Requests for Admission**

Rule 36 authorizes a party to request another party "to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" relating to facts, application of law to facts, or opinions about either.  FED. R. CIV. P. 36(a)(1)(A).  Subsection (a)(3) provides, in pertinent part:  "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

Rule 37 does not provide for a motion to compel answers to Rule 36 requests for admission, nor does it contemplate a motion to deem requests admitted.[1]  Instead, the requesting party may file a motion to determine the sufficiency of an answer or objection.  FED. R. CIV. P. 36(a)(6). Unless the court finds an objection justified, it must order that an answer be served and, if the court finds that an answer is noncompliant with the Federal Rules, it may order that the matter is admitted or direct the party to serve an amended answer.  *Id.*   A party who makes an admission, whether express or by default, is bound by that admission for summary judgment purposes—not even contrary evidence can overcome an admission at the summary judgment stage.[2]

---

[1] *VeroBlue Farms USA, Inc. v. Wulf*, ___F.R.D. ___, 2021 WL 5176839, at *4 (N.D. Tx. Nov. 8, 2021).

[2] *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) (citations omitted).

"A deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."[3] Thus, the proper course for a litigant that wishes to avoid the consequences of failing to timely respond to rule 36 requests for admissions is to move the court to amend or withdraw the default admissions in accordance with the standard outlined in rule 36(b).[4] The court may allow a party to withdraw a deemed admission if same (1) would serve the presentation of the case on its merits, and (2) not prejudice opposing party who obtained the admissions.

Under the first prong, the court considers whether refusing to permit withdrawal or amendment would have the practical effect of eliminating any presentation of the merits, whether the admission is contrary to the record, whether the admission is no longer true because of changed circumstances, and whether a party has made an honest error.[5] Prejudice under the second prong does not arise simply because the party who obtained the admission will now have to convince the fact finder of its truth[6] or incur costs of discovery to replace the deemed admissions.[7] Rather, the necessary prejudice relates to the difficulty a party may face in proving its case, such as the unavailability of key witnesses as a result of the sudden need to obtain evidence with respect to the questions previously answered by the admission.[8] Courts also consider the timing of the motion, the time remaining before expiration of the discovery deadline, and the diligence of the

---

[3] *Id.* at 419 (citing *Am. Auto.,* 930 F.2d at 1120 (holding district court may not *sua sponte* allow for the withdraw or amendment of admissions)).

[4] *Id.*

[5] *Aircraft Holding Solns., LLC v. Learjet, Inc.,* No. 18-0823, 2021 WL 2434840, at *2 (N.D. Tex. June 15, 2021) (citing *Fakhuri v. Farmers New World Life Ins. Co.,* 2010 WL 3701575, at *2 (S.D. Tex. Sept. 16, 2010) (quoting *Le v. Cheesecake Factory Rests. Inc.,* 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) (per curiam) (unpublished opinion))).

[6] *No. La. Rehab. Ctr.,* 179 F. Supp. 2d 658, 663 (W.D. La. 2001) (quoting *F.D.I.C. v. Prusia,* 18 F.3d 637, 640 (8th Cir. 1994) (internal citations omitted)).

[7] *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1314 (8th Cir. 1983).

[8] *Wild v. St. Tammany Par. Hosp. Serv. Dist. No. 1,* No. 19-10931, 2021 WL 6446363, at *2 (E.D. La. Mar. 30, 2021) (Guidry, J.) (citing *Express Lien, Inc. v. RoHillCo Bus. Servs. LLC,* No. 13-4889, 2014 WL 1870621, at *2 (E. D. La. May 8, 2014) (quoting *In re Carney,* 258 F.3d at 420); *see also Fakhuri,* 2010 WL 3701575, at *2.

party.[9]  Regardless, even if a party establishes these two factors, the court retains discretion to deny a request to withdraw an admission.[10]

### III.   ANALYSIS

Plaintiff's exhibits to his motion do not support a finding that *service* was effected on February 14, as alleged.  Plaintiff's motion reflects that it propounded the Requests for Admission via email on February 14.  ECF No. 14-2 at 1.  Service via electronic means is effective immediately when the person served has consented to same in writing; however, Plaintiff has not submitted any evidence to the court to establish that either Westchester or its counsel agreed in writing to service by e-mail, as required by Rule 5(b)(2)(E).

Although service is effected upon registered users by notice of electronic filing for documents filed with the court, the discovery requests were not filed in the court record until attached to Plaintiff's motion to compel.  Accordingly, service would be effective by email only if defense counsel consented in writing to service in that manner.  FED. R. CIV. P. 5(b)(2)(E).  Absent evidence of written consent to service via email, the court cannot find that Crescent has established that it served the discovery on February 14, 2024.  *See, e.g., Mitchell v. University of Louisiana System*, No. 13-820, 2015 WL 1540532, at *4 (M.D. La. Apr. 7, 2015) (Bourgeois, M.J.) (basing calculation on date of U.S. mailing when certificate reflected service via email and U.S. Mail in the absence of proof of written consent to accept service via email); *Tubwell v. Specialized Loan Servicing, LLC*, No. 17-15, 2018 WL 11417595, at *2 (N.D. Miss. Aug. 21, 2018) (holding that service is incomplete when service attempted via email in the absence of written consent under

---

[9] *Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 660 (E.D.N.C. 1988) (denying withdrawal where party, with due diligence, could have accessed the information needed to respond to request for admissions yet had failed to do so*); No. La. Rehab. Ctr.*, 179 F. Supp. 2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery).

[10] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014) (citing *In re Carney*, 258 F.3d at 419-20).

Rule 5(b)(2)(E) and rejecting argument that a party waived any objection to service of discovery via email based on history of communicating via email throughout litigation), *appeal dismissed*, No. 17-15, 2019 WL 1421156 (N.D. Miss. Mar. 29, 2019).

Both the Requests for Admissions and Interrogatories, however, were filed in the court record on April 5, 2024, at which time Defendant received notice via the court's electronic filing system which constitutes service. Accordingly, by May 6, 2024, Defendant must provide full and complete responses to Plaintiff's Interrogatory and Requests for Admission. In addition, Defendant must provide a date for its Rule 30(b)(6) deposition. If the parties have not agreed on a date within the next seven days, Plaintiff's counsel is instructed to request a status conference with the undersigned, and a date will be selected during that conference.

## IV.   **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel and Deem Admitted is DENIED.

New Orleans, Louisiana, this ___24th___ day of April, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE